**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DANA COOVER and CLAYTON COOVER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-25-334-PRW |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY and BOBBY LEWIS INS. ) | |
| AGENCY, INC., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| BRET METHVIN and JANELLE METHVIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-25-345-PRW |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY and KRISTOPHER "NICKEY" ) | |
| LEE, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| DOUG OSBORN and ANGELA OSBORN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-25-414-PRW |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY and STEVE WRIGHT, ) | |
| ) | |
| Defendants. ) | |

1

JASON G. STEARNS and TAMARA J.    )
STEARNS,    )
    )
       Plaintiffs,    )
    )
v.    )    Case No. CIV-25-486-PRW
    )
STATE FARM FIRE AND CASUALTY    )
COMPANY and DENNIS R. CHAUMONT,    )
    )
       Defendants.    )


DUSTIN YOUNG,    )
    )
       Plaintiff,    )
    )
v.    )    Case No. CIV-25-554-PRW
    )
STATE FARM FIRE AND CASUALTY    )
COMPANY and JASON BRIDWELL    )
 INSURANCE AGENCY, INC.,    )
    )
       Defendants.    )


LARRY HAYS and CAROLYN HAYS,    )
    )
       Plaintiffs,    )
    )
v.    )    Case No. CIV-25-589-PRW
    )
STATE FARM FIRE AND CASUALTY    )
COMPANY and LARRY GOSNEY, SR.,    )
    )
       Defendants.    )

TYE E. HARDY, *et al.*,                        )
                                               )
                  Plaintiffs,                  )
                                               )
v.                                             )        Case No. CIV-25-674-PRW
                                               )
STATE FARM FIRE AND CASUALTY                   )
COMPANY, *et al.,*                             )
                                               )
                  Defendants.                  )

## **ORDER**

Before the Court are motions to remand filed in the seven above-captioned cases, each disputing that non-diverse defendants have been fraudulently joined. For the reasons that follow, the Court **CONSOLIDATES** these cases, **GRANTS** the motions to remand, and **REMANDS** each case to the appropriate Oklahoma state district court.

### *Background*

Each of these cases contain several common characteristics. Each was removed to federal court by the same Defendant, State Farm Fire and Casualty Company; each includes a joined defendant in the form of a captive agent; each alleges "a systematic and pervasive Scheme to deny or underpay insureds throughout Oklahoma" in which captive agents play a central role;[1] and each arises from Defendant State Farm's denial of coverage for damages from hail or wind storms. Additionally, each Plaintiff has alleged (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) negligent procurement, and (4) constructive fraud and negligent misrepresentation.

---

[1] *See, e.g.*, Mot. Remand (Case No. CIV-25-334, Dkt. 13), at 1.

Other courts in this District have chosen to consolidate and summarily dispose of similar motions to remand where, like here, each case presents a common set of facts and stem from cookie-cutter motions to remand.[2] Accordingly, pursuant to Federal Rule of Civil Procedure 42(a), this Court likewise consolidates the above-captioned cases, as they all "involve a common question of law or fact[.]"

### *Legal Standard*

To establish fraudulent joinder, State Farm "must show that there is no possibility of recovery by the plaintiffs against the instate defendants"[3]—here, the captive agents. The Court must decide if there is a "reasonable basis to believe the plaintiff[s] might succeed in at least one claim against the non-diverse defendant[s]."[4] "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff[s]."[5]

---

[2] *See, generally, Willard v. State Farm Fire and Casualty Co.*, Case No. CIV-25-46-SLP, *et al.*, 2025 WL 2419274 (W. D. Okla. Aug. 21, 2025).

[3] *Hyman v. Travelers Home & Marine Ins. Co.*, No. CIV-13-820-D, 2014 WL 111942, at *1 (W.D. Okla. Jan. 10, 2014); *see Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) ("[T]he removing party must demonstrate . . . [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). This burden on Defendant comports with the normal rule that the removing party bears the burden of establishing federal jurisdiction. *See Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) ("[Removing] Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal.").

[4] *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).

[5] *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

Typically, "removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal."[6] But where a party specifically alleges fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[7] That the Court may pierce the pleadings, however, "does not mean that the federal court will pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."[8]

## *Discussion*

Defendant has failed to make a showing that Plaintiffs' actions deprived them or nearly deprived them of the *ability* to challenge any possible improper joinder. Defendant makes much of the fact that the complaints in each case are substantially similar to each other, but that does not sufficiently prove fraud in the pleading of jurisdictional facts. After all, when Plaintiffs' allegations involve a pervasive scheme on the part of State Farm to underpay insureds, the factual allegations will resemble each other in each case. Accordingly, Defendant must instead show "[the] inability of the plaintiff[s] to establish a cause of action against the non-diverse party in state court."[9]  The Court finds that State Farm has failed to meet its heavy burden to show that there is no possibility of recovery

---

[6] *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)) (cleaned up); *accord Hyman*, 2014 WL 111942, at *1.

[7] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

[8] *Id.* (quoting *Dodd*, 329 F.2d at 85).

[9] *Dutcher,* 733 F.3d at 988.

against the captive agents on Plaintiffs' negligent procurement and constructive fraud claims.

Plaintiffs assert that State Farm is engaged in a widespread scheme to systematically deny or underpay Oklahoma insureds for wind and hailstorm damage.[10] Crucially, the alleged scheme begins when State Farm's captive agents impliedly represent to the insureds that their properties meet State Farm's underwriting guidelines in their present condition at the time of binding replacement cost insurance policies (either at inception of the policies or renewal).[11] Plaintiffs further allege that State Farm agents then fail to inspect the insured property to confirm that there are no defects on the insured property that would result in subsequent claim denials.[12] Plaintiffs also assert that the agents were aware of the scheme and failed to disclose it when they sold, procured, and bound coverage on Plaintiffs' properties.[13] Plaintiffs each allege that they requested a policy from the agents that would fully replace their damaged properties without exclusion of weather-related losses.[14] Plaintiffs argue that by procuring and binding the coverage without limitation, the agents "independently established, calculated, and set the Polic[ies'] replacement cost value[s] and resultant policy limits."[15] This, per Plaintiffs, meant the captive agents

---

[10] *ee, e.g.*, Mot. Remand (Case No. CIV-25-334, Dkt. 13), at 1.

[11] *Id* at 1–2.

[12] *Id.*

[13] *Id.* at 2.

[14] *See, e.g.*, Compl. (Case No. CIV-25-334, Dkt. 1, Ex. 5), at 10.

[15] *Id.*

"inherently conveyed that such coverage limit was accurate, correct, commensurate with actual replacement costs, and represented 100% of the Insured Property's insurance to value."[16] Plaintiffs claim they were never made aware of State Farm's internal definitions of "hail damage," "wear and tear," and other related terms.[17]

In all of these cases, Plaintiffs allege that they were undercompensated for hail or wind damage to their properties.

Based on the above-mentioned allegations, Plaintiffs have alleged claims against the agents for negligent procurement and constructive fraud and negligent misrepresentation. Plaintiffs detail several instances of the agents' negligence in their Complaints, including by failing to confirm that their properties met State Farm's underwriting guidelines, knowingly procuring and renewing coverage that was materially different from that which Plaintiffs requested and did not accurately reflect the replacement cost value of the property, misrepresenting that the properties were in good condition, and misrepresenting that the policies would cover all weather-related losses.

State Farm argues that Plaintiffs cannot make out claims for negligent procurement[18] or negligent misrepresentation and constructive fraud[19] against the agents.

---

[16] *Id.* at 11.

[17] *Id.* at 12.

[18] Under Oklahoma law, "an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999).

[19] Under Oklahoma law, constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming

State Farm attempts to cast doubt on the ability of Plaintiffs to show causation or damage in their claims by asserting the policies Plaintiffs purchased provided the level of coverage they originally sought, they did in fact have full coverage to replace qualifying property damage, and State Farm simply denied their claims.

To cast doubt, however, is not to render a case fit for "summary determination" or to prove it "with complete certainty."[20] In this posture, the Court may not pre-try the underlying issues. Rather, all factual and legal questions must be resolved in favor of Plaintiffs. Here, open questions remain regarding the scope of the agents' roles in procurement of the policies, whether Plaintiffs requested or were promised more extensive coverage than they received, the precise duties that may be imposed on insurance agents under Oklahoma law, the representations made by the agents, the existence and the agents' knowledge of a widespread scheme to shortchange insured parties when making claims for hail and wind damage, and more. Upon review of the record, the Court cannot say that Plaintiffs' claims against the agents have "no possibility" of succeeding. Further, this Court has already found remand appropriate in cases remarkably similar to this one.[21]

### *Conclusion*

For the reasons given above, the Court concludes that State Farm has not met the high burden required to demonstrate fraudulent joinder. Accordingly, the Court **GRANTS**

---

under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him." Okla. Stat. tit. 15, § 59.

[20] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

[21] *See, e.g., Maher v. State Farm Fire and Casualty Co.*, Case No. CIV-25-81-PRW, 2025 WL 1909507 (W.D. Okla. July 10, 2025).

Plaintiffs' motions to remand in each case. The Court **DIRECTS** the Clerk to remand each action to the appropriate Oklahoma state district court. To the extent that any remaining motions exist related to each case, they are **DENIED AS MOOT.**

    **IT IS SO ORDERED** this 3rd day of December 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE